UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOSEPH QUINONES,<br><br>               Plaintiff,<br><br>v.<br><br>PARR, *et al.*,<br><br>               Defendants. | Case No. 3:20-CV-00390-CLB<br><br>**ORDER GRANTING MOTION TO AMEND**<br><br>[ECF No. 27] |

Before the Court is Plaintiff Joseph Quinones's ("Quinones") motion for leave to file a second amended complaint. (ECF No. 15.) No opposition was filed. For the reasons stated below, the Court grants Quinones's motion to amend.

**I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Quinones is an inmate in the custody of the Nevada Department of Corrections ("NDOC") and is currently housed at the Ely State Prison ("ESP"). Quinones initiated this action on June 24, 2020 by filing an application to proceed *in forma pauperis* and civil rights complaint. (ECF No. 1.) Quinones filed a first amended complaint on July 12, 2021. (ECF No. 8.) Pursuant to 28 U.S.C. § 1915A, the District Court screened Quinones's first amended complaint and allowed him to proceed on claims for Eighth Amendment excessive force (claim 1), Eighth Amendment deliberate indifference to serious medical needs (claim 2), and Fourteenth Amendment equal protection (claim 3) against Defendants Parr, Sharp, Esquivel, and Does when Plaintiff learns their identities (collectively referred to as "Defendants"). (ECF No. 9.)

On May 9, 2022, the Court entered a discovery plan and scheduling order setting the deadline to amend pleadings for July 11, 2022. (ECF No. 21.) On July 6, 2022, Quinones filed the instant motion for leave to file a second amended complaint along with his proposed second amended complaint. (ECF Nos. 27, 27-1.) Quinones seeks to amend his complaint to name Doe Defendants and to add an additional paragraph to

Claim One "stating reason all defendants are named." (ECF No. 27.) Defendants did not file an opposition or otherwise respond to the motion.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) instructs that "[t]he court should freely give[] leave [to amend a pleading] when justice so requires." The Ninth Circuit has made clear Rule 15(a) permits liberal application. *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013). Under Rule 15(a), courts consider various factors, including: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) the futility of the amendment; and (5) whether the plaintiff has previously amended his complaint. *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014). The factors do not weigh equally; rather, prejudice receives the greatest weight. *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020) (citing *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)).

Defendants bear the burden of establishing prejudice, and absent its presence or a "strong showing" under the other factors, there is a presumption in favor of permitting amendment. *Eminence Cap., LLC*, 316 F.3d at 1052 (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186-87 (9th Cir. 1987)). When considering prejudice, the court may weigh against the movant the amended pleading's great alteration of the litigation's nature that requires the opposing party to defend against "different legal theories and . . . different facts." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (internal quotation omitted). Alone, such alteration is not fatal. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

By contrast, futility "alone can justify the denial of a motion for leave to amend." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2003) (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)). Futility arises when the amendment is legally insufficient, *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017), or where the amended complaint would be subject to dismissal, such as when it violates the statute of limitations. *Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1060 (9th Cir. 2008).

### III. DISCUSSION

Quinones timely moves to amend his complaint to name Doe Defendants (Daniel Schmidt, Jeffery Brandon, Corey Rowley, Matthew Roman, Frank Beedle, Michael Belin, and Eduardo Mandujano) and add additional information to his excessive force claim. (ECF No. 27.) No opposition to the motion was filed and the time to file an opposition has passed.

The Court finds that the motion to amend should be granted, as the above factors discussed in *Desertrain* weigh in Quinones's favor. First, rather than bad faith, the record demonstrates that Quinones is acting in good faith to amend his complaint to name Doe Defendants and add additional information to support his claim. Second, the scheduling order allowed the parties to file amended pleadings until July 11, 2022. Therefore, the Court finds that Quinones did not delay in seeking amendment.

Third, Defendants are not prejudiced by the amendment, as it merely seeks to properly name Doe defendants. Thus, the Court does not find that the amended complaint greatly alters the litigation's nature or requires an entirely new course of defense. *Morongo Band of Mission Indians,* 893 F.2d at 1079. Amendment is not futile, as the proposed amended complaint seeks to reduce Doe allegations by naming those defendants. Finally, while Quinones has amended his complaint, this was done after the Court screened his initial complaint and before any of defendants were served, thus this factor also ultimately weighs in his favor.

In sum, the above *Desertrain* factors each weigh in Quinones's favor, and, therefore, the Court concludes that amendment is proper. Additionally, pursuant to LR 7-2(d), the failure of an opposing party to file points and authorities in response to any motion constitutes a consent to the granting of the motion. Accordingly, Quinones's motion to amend is granted.

### IV. CONCLUSION

For the reasons discussed above, **IT IS ORDERED** that Quinones's motion for leave to file a second-amended complaint, (ECF No. 27), is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall **FILE** Quinones's second-amended complaint, (ECF No. 27-1), which is now the operative complaint in this case.

**IT IS FURTHER ORDERED** that the second-amended complaint will **PROCEED** with Quinones's Eighth Amendment excessive force (claim 1), Eighth Amendment deliberate indifference to serious medical needs (claim 2), and Fourteenth Amendment equal protection (claim 3) claims against Defendants Parr, Sharp, Esquivel, Schmidt, Brandon, Rowley, Roman, Beedle, Belin, and Mandujano.

**IT IS FURTHER ORDERED** that within twenty-one (21) days of the date of entry of this order, the Attorney General's Office shall file notice advising the Court and Quinones of whether it can or cannot accept service on behalf of Defendants Daniel Schmidt, Jeffery Brandon, Corey Rowley, Matthew Roman, Frank Beedle, Michael Belin, and/or Eduardo Mandujano. If the Attorney General's Office cannot accept service on behalf of Daniel Schmidt, Jeffery Brandon, Corey Rowley, Matthew Roman, Frank Beedle, Michael Belin, and/or Eduardo Mandujano, the Office shall file, under seal, but shall not serve on Quinones, the last known address of Daniel Schmidt, Jeffery Brandon, Corey Rowley, Matthew Roman, Frank Beedle, Michael Belin, and/or Eduardo Mandujano, if it has such information. If the last known address of Daniel Schmidt, Jeffery Brandon, Corey Rowley, Matthew Roman, Frank Beedle, Michael Belin, and/or Eduardo Mandujano is a post office box, the Attorney General's Office shall attempt to obtain and provide the last known physical address for these defendants. If service cannot be accepted for Daniel Schmidt, Jeffery Brandon, Corey Rowley, Matthew Roman, Frank Beedle, Michael Belin, and/or Eduardo Mandujano, Quinones shall file a motion requesting issuance of a summons, specifying a full name and address for Daniel Schmidt, Jeffery Brandon, Corey Rowley, Matthew Roman, Frank Beedle, Michael Belin, and/or Eduardo Mandujano. If the Attorney General has not provided last-known-address information, Quinones shall provide the full name and address for Daniel Schmidt, Jeffery Brandon, Corey Rowley, Matthew Roman, Frank Beedle, Michael Belin, and/or Eduardo Mandujano.

**IT IS FURTHER ORDERED** that Defendants shall file and serve an answer or other response to the second-amended complaint within **60 days** from the date of this order.

**IT IS SO ORDERED.**

DATED: July 21, 2022    .

_____
**UNITED STATES MAGISTRATE JUDGE**